IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN MURPHY, #M04196,             )
                                    )
            Plaintiff,              )
                                    )
      vs.                           )       Case No. 3:26-cv-00103-MAB
                                    )
ANTHONY WILLS,                      )
CALY SMITH,                         )
BRENDEN GARCIA (Badge #16089),      )
and C/O TYNER (Badge #8223),        )
                                    )
            Defendants.             )

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Steven Murphy, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights during his confinement at Menard Correctional Center (Doc. 1). He asserts that he was subjected to excessive force in retaliation for filing a grievance, and then denied medical attention (Doc. 1, pp. 8-9).

The Complaint (Doc. 1) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims.[1] 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally

---

[1] The Court has jurisdiction to screen the Complaint based on Plaintiff's consent to the full jurisdiction of a magistrate judge (Doc. 7), and the limited consent by the Illinois Department of Corrections to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the IDOC.

frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### THE COMPLAINT

A review of the Complaint reveals the following allegations:  On December 24, 2024, Plaintiff was asleep in Cell 916 (Menard Westhouse Protective Custody) when Defendant Officers Garcia and Tyner ordered him to get dressed and come with them (Doc. 1, p. 8). Garcia and Tyner did not explain or inform Plaintiff it was shake-down. Plaintiff washed his face, brushed his teeth, and told defendants he had to urinate. He finished, washed his hands, and turned to grab his uniform. Tyner told Garcia to mace Plaintiff. Garcia sprayed Plaintiff in the face and upper body four times and ordered him to cuff up. Tyner maced Plaintiff's face and left eye at close range. Plaintiff choked and couldn't see. Garcia said that Defendant Counselor Smith told them Plaintiff had written a grievance stating he had a knife and pills and was going to harm himself. Plaintiff contradicted this, stating if that was true, why didn't they turn off his toilet, which was the usual procedure before a shakedown.

After these events, Plaintiff was denied medical treatment and access to a shower. Plaintiff alleges that he has blurred vision from being sprayed in his eye.

Plaintiff claims this attack was staged and set up by Smith, Tyner, Garcia, and others because Plaintiff wrote grievances on them and sued Westhouse Major Schoenbeck (Case No. 21-cv-362-DWD in this district). According to Plaintiff, he learned that the staff members who harmed him were joking and telling everyone they attacked him in retaliation for filing lawsuits and "getting on their nerves." (Doc. 1, p. 8).

2

Defendant Anthony Wills (former Menard Warden) harmed Plaintiff by keeping Garcia on the job after Garcia assaulted other inmates and was involved with the killing of an inmate in segregation (Doc. 1, p. 9). Smith sent Garcia and Tyner to attack Plaintiff in retaliation for his grievance against Smith for racially profiling Plaintiff and other Black inmates. (Doc. 1, pp. 9, 11-14).

Plaintiff seeks compensatory and punitive damages. (Doc. 1, p. 10).

### DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> **Count 1:** **Eighth Amendment excessive force claim against Garcia and Tyner for spraying Plaintiff's face, left eye, and body with mace on December 24, 2024.**

> **Count 2:** **Eighth Amendment deliberate indifference to serious medical needs claim against Garcia and Tyner for failing to obtain medical assistance or a shower for Plaintiff after spraying him with mace on December 24, 2024.**

> **Count 3:** **First Amendment retaliation claim against Smith for instigating Garcia's and Tyner's use of mace against Plaintiff, and against Garcia and Tyner for spraying Plaintiff on December 24, 2024, because Plaintiff filed grievances against Smith and other staff and filed lawsuit(s) against other Menard staff.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading**

3

standard.[2]

## Preliminary Dismissal

Plaintiff seeks to hold Defendant Wills liable because he retained Garcia on staff after Garcia allegedly harmed other inmates. Plaintiff does not claim Wills was directly involved in the alleged attack on him, or even that Wills was aware of it. To be liable under § 1983, a defendant must have been personally responsible for the violation of a constitutional right. *Taylor v. Ways*, 999 F.3d 478, 493 (7th Cir. 2021). A supervisor such as Wills cannot be held liable for the misconduct of subordinate officials, merely because of their supervisory position. *See Horshaw v. Casper*, 910 F.3d 1027, 1029-30 (7th Cir. 2018). Plaintiff therefore fails to state a cognizable claim against Wills, and he will be dismissed from the action.

## Count 1

"Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018); *see also Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010).

Plaintiff alleges that Garcia and Tyner sprayed him with excessive amounts of mace without provocation, injuring him as a result. These allegations are sufficient to state a claim for excessive force, and Count 1 will proceed against Garcia and Tyner.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Count 2**

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Deliberate indifference is demonstrated where a prison official acted or failed to act despite his/her knowledge of a serious risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). A guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996).

Here, Plaintiff alleges he was denied a shower and medical treatment after Garcia and Tyner sprayed him with mace, causing blurred vision in his eye. Plaintiff has stated a viable deliberate indifference claim, and Count 2 will also proceed against Garcia and Tyner.

**Count 3**

Prison officials may not retaliate against inmates for exercising their First Amendment rights to file grievances, lawsuits, or otherwise complain about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

5

The plaintiff must have experienced an adverse action that would likely deter him from engaging in the First Amendment activity in the future. *See McKinley v. Schoenbeck*, 731 F. App'x 511, 515 (7th Cir. 2018) (quoting *Surita v. Hyde*, 665 F.3d 860, 878-79 (7th Cir. 2011)); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).

Plaintiff claims his grievance against Smith accusing her of racial bias prompted her to engineer the alleged attack on him by Garcia and Tyner. Plaintiff also alleges his prior litigation activity against Menard staff triggered the retaliatory attack. Plaintiff has sufficiently pled a retaliation claim. Count 3 may proceed against Smith, Garcia, and Tyner.

### DISPOSITION

The Complaint states colorable claims in Counts 1 and 2 against Garcia and Tyner; and in Count 3 against Smith, Garcia, and Tyner. Defendant Anthony Wills is **DISMISSED** from the action without prejudice.

The Clerk shall prepare for Caly Smith, Brenden Garcia (Badge #16089), and C/O Tyner (Badge #8223): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

7

**IT IS SO ORDERED.**

**DATED: April 29, 2026**

_Mark A. Beatty_

**MARK A. BEATTY**
**United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take 90 days or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.